N.R. SMITH, Circuit Judge,
concurring:
I agree with the majority’s opinion in this case. I write separately to address Krechman’s judicial bias claim.[1] I agree it is unnecessary to reach this claim, given our reversal of the district court’s Rule 50 decision. However, Krechman’s arguments identify conduct that is worrisome enough that it warrants some mention.
“A judge’s participation justifies a new trial ... if the record shows actual bias or leaves an abiding impression that the jury perceived an appearance of advocacy or partiality.” United States v. Laurins, 857 F.2d 529, 537 (9th Cir.1988). Here, the district judge conducted the trial in a way that could evidence that he was biased in favor of the defendant police officers, and could have given the jury the impression that he lacked impartiality.
Outside of the juror’s presence and before submitting the case to the jury, the district court indicated that it had prejudged the case’s outcome by telling counsel that he would “fix it” if the jury did not “get it right.” In context, this statement implied that the “right” outcome would be for the jury to reach a defense verdict by rejecting the testimony by one of Krechman’s experts.
*1113 Also in comments made without the jury-present, the district judge relied on his own past, personal experience as a police officer to justify the Defendants’ actions. He concluded that the loose handcuff on Appel’s hand was a “weapon,” because he had “been there.” He also relied on his experience, having “been there” and “done [that]” to determine that the officers were in a “street fight” with Appel. Although the district court did not make such statements in front of jurors, such reliance on personal experience in deciding the case nevertheless exhibits a potential for personal favoritism toward the defendant police officers.
The record also shows that the jury could have “perceived an appearance of ... partiality” based on comments the district court made with the jury present. Lawrins, 857 F.2d at 537. Specifically, during voir dire, the district judge justified a police officer’s inappropriate conduct toward a prospective juror’s son. Responding to the court’s inquiry as to whether any juror or a family member had previous “encounters with the criminal justice system,” one juror responded that her son had been arrested when he was a senior in high school for failing to pay a traffic ticket. The juror reported that her son was very upset by the experience, because a police officer had told him “[0]h, my goodness, you are such a cutie boy, look at you, blonde with curly hair, green eyes, slender, they are going to love you so much [in jail], maybe I should get some Vaseline for you, you are going to need it.”
After the juror related this encounter and indicated that it made her “very upset,” the district judge asked her, “Has your son ever had another encounter with law enforcement since that event?” She answered, “No.” The district judge then proceeded to tacitly approve the police officer’s conduct, indicating to the juror that she should have “bought [the officer] a cup of coffee,” because his statement to her son had “scared [him] straight.” The court’s unnecessary approval of such inappropriate comments by law enforcement could have signaled to the jury the district court’s partiality to police officers.
The foregoing comments exhibit a disregard for the principle that, as a trial judge, the district judge “must be ever mindful of the sensitive role it plays in a jury trial and avoid even the appearance of advocacy or partiality.” United States v. Elder, 309 F.3d 519, 524 (9th Cir.2002) (emphasis added) (quoting Kennedy v. L.A. Police Dep’t, 901 F.2d 702, 709 (9th Cir.1990), overruled on other grounds by Hunter v. Bryant, 502 U.S. 224, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) (per curiam)). Because the jury hung in this case, we cannot be certain that such comments by the district court did not affect the trial’s outcome. Additionally, they bear no rational relationship to “controlling the conduct of [the] trial.” Penk v. Oregon State Bd. of Higher Educ., 816 F.2d 458, 465 (9th Cir.1987). Instead, they give the appearance that the district court was partial to the defense — a premise that aligns with the district court’s conclusion that Defendants were entitled to judgment as a matter of law.
Although we do not reach the issue of whether the district court’s conduct rose to a level that independently warrants a new trial, it certainly approached that line.

. Though Krechman claims to bring her judicial bias claim under the due process clause, the substance of her argument fits more appropriately as a freestanding judicial misconduct claim. E.g., Shad v. Dean Witter Reynolds, Inc., 799 F.2d 525, 531 (9th Cir.1986); Kennedy v. L.A. Police Dep’t, 901 F.2d 702, 709 (9th Cir.1990), overruled on other grounds by Hunter v. Bryant, 502 U.S. 224, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) (per curiam). She does not allege circumstances existed in this trial like those in which we have recognized a judge's potential bias can violate due process. See Hurles v. Ryan, 706 F.3d 1021, 1037 (9th Cir.2013).